IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JERRY LEON ROBINSON** § | | **PLAINTIFF** |
| § | | |
| v. § | Civil No. 1:15cv251-HSO-JCG | |
| § | | |
| **DRUG ENFORCEMENT** § | | |
| **AGENCY,** *et al.* § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
[21] MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY
JUDGMENT; DENYING PLAINTIFF'S [23] MOTION FOR SUMMARY
JUDGMENT; DENYING PLAINTIFF'S [25] MOTION TO STRIKE; AND
DENYING PLAINTIFF'S [30] MOTION FOR DEFAULT JUDGMENT**

BEFORE THE COURT are the following four Motions: (1) Motion to Dismiss or, in the Alternative, for Summary Judgment [21] filed by Defendants Drug Enforcement Agency and the United States Attorney's Office for the Southern District of Mississippi; (2) Motion for Summary Judgment [23] filed by Plaintiff Jerry Leon Robinson; (3) Motion to Strike [25] filed by Plaintiff Jerry Leon Robinson; and (4) Motion for Default Judgment [30] filed by Plaintiff Jerry Leon Robinson. After due consideration of the record, the submissions on file, and relevant legal authority, the Court finds that Plaintiff's Motions [23], [25], [30], should be denied, that Defendant's Motion for Summary Judgment [21] should be granted, and that Plaintiff's claims should be dismissed with prejudice.

I.  BACKGROUND

Plaintiff Jerry Leon Robinson ("Plaintiff" or "Robinson") was convicted of violating 21 U.S.C. § 841(a)(1) after pleading guilty to Count 3 of the Indictment lodged against him in a separate criminal matter in this Court.  *See* Plea Agreement [21-1] at 1-6; *United States v. Robinson*, 1:10cr-103-KS-RHW-3, Indictment [23] (S.D. Miss. Dec. 7, 2010).  As part of his signed Plea Agreement with the Government, Robinson expressly waived

> all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by [Robinson] or by [Robinson's] representative under the Freedom of Information Act . . . .

Plea Agreement [21-1] at 5.

Despite having executed this Plea Agreement, Robinson made requests under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"), for Defendants United States Attorney's Office for the Southern District of Mississippi ("USAO") and Drug Enforcement Agency ("DEA") to produce documents relating to the investigation if his criminal case.  *See* Decl. of David Luczynski [21-2] at 1-3; FOIA Request [21-2] at 4-6; FOIA Request [21-2] at 10-13; DEA Letter [5-1] at 3-4.  On March 27, 2015, Robinson filed a Complaint [1] in this Court pursuant to FOIA seeking these records from Defendants DEA and USAO.  *See* Compl. [1].

On October 8, 2015, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment [21], seeking dismissal of Robinson's Complaint based upon the FOIA waiver contained in the Plea Agreement.  On October 16, 2015,

Robinson filed what he titled a Motion for Summary Judgment based upon Defendants' purported "failure to file a timely 'responsive pleading' under the Federal Rules of Civil Procedure and the Freedom of Information Act." Pl.'s Mot. for Summ. J. [23] at 1. Robinson has also filed a Motion to Strike [25] Defendants' Motion [21] for "blatantly disregarding the Judge's order to file a timely responsive pleading." Pl.'s Mot. to Strike [25] at 1. Finally, on December 7, 2015, Robinson filed a Motion for Default Judgment [30] "based on the Government's failure to properly respond in the time frame ordered by this Honorable Court." Pl.'s Mot. for Default J. [30] at 1.

## II.  DISCUSSION

A.  <u>Plaintiff's Motion for Summary Judgment [23] and Motion to Strike [25]</u>

Robinson's Motions for Summary Judgment [23] and to Strike [25] both appear to be premised upon Defendants' purported failure to file a timely response to his Complaint. Robinson requests that the Court strike Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [21] and award him essentially the relief he seeks in his Complaint. Pl.'s Mot. for Summ. J. [23] at 5; Pl.'s Mot. to Strike [25] at 2. Robinson's Motions [23], [25] are akin to requests for default judgments against Defendants.

In support of his argument that Defendants failed to timely file a responsive pleading, Robinson relies upon an Order [16] entered by the Magistrate Judge on August 6, 2015, which in relevant part directed that after Defendants were served with process, they were to "file an answer or other responsive pleading in this cause

in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court." Order [16] at 2.  Following service of process, Defendants appeared by filing the present Motion to Dismiss or, in the Alternative, for Summary Judgment [21] on October 8, 2015.  Robinson maintains that Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [21] does not constitute an answer or responsive pleading.  Pl.'s Mot. for Summ. J. [23] at 2-3; Pl.'s Mot. to Strike [25] at 2.

    FOIA provides in relevant part as follows:

> Notwithstanding any other provision of law, the defendant shall serve an answer *or otherwise plead* to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, *unless the court otherwise directs for good cause shown.*

5 U.S.C. § 552(a)(4)(C) (emphasis added).

    Defendants argue that FOIA is broader than the Federal Rules of Civil Procedure and "authorizes a federal agency to 'otherwise plead' in lieu of filing an answer," including by filing a motion to dismiss or a motion for summary judgment. Defs.' Resp. [27] at 2 (quoting *Chilivis v. Securities and Exchange Commission*, 673 F.2d 1205, 1209 (11th Cir. 1982)); *see also* 5 U.S.C. § 552(a)(4)(C).  The United States Court of Appeals for the Fifth Circuit has held that, under the plain language of § 552(a)(4)(C), where the Government has filed a motion for summary judgment in a FOIA case, "[n]o 'answer' was required." *Weber v. Coney*, 642 F.2d 91, 94 (5th Cir. Unit A Mar. 1981) (per curiam).  Based on the foregoing, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [21] was sufficient to "otherwise plead" in accordance with FOIA.  *See* 5 U.S.C. § 552(a)(4)(C).

As for the timeliness of Defendants' Motion, even if Defendants' appearance in this action was belated, the Clerk of Court did not make an entry of default as to Defendants before they appeared. *See* Fed. R. Civ. P. 55(a). Nor has Robinson "establish[ed] a claim or right to relief by evidence that satisfies the court" sufficient to permit the entry of a default judgment against Defendants. Fed. R. Civ. P. 55(d). Robinson's Motions for Summary Judgment [23] and to Strike [25] are not well taken and will be denied.

B.   Plaintiff's Motion for Default Judgment [30]

In his Motion for Default Judgment [30], Robinson asks the Court for a default judgment based on the Government's purported "failure to properly respond in the time frame ordered by this Honorable Court." Pl.'s Mot. for Default J. [30] at 1. Robinson relies upon a Text Order entered by the Court on October 30, 2015, which granted Defendants' Motion [24] for Extension of Time to File Response to Plaintiff's Motion for Summary Judgment [23]. *Id.* The Text Order provided that "Defendants' Response is now due on or before December 2, 2015." Oct. 30, 2015, Text Order.

Defendants timely filed their Response [28] on December 2, 2015. However, even if the Response were somehow deemed untimely, the Court is not persuaded that entry of a default judgment or granting Robinson's Motion for Summary Judgment [23] would be appropriate. *See, e.g., Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) ("A motion for summary judgment cannot be granted simply because there is no

opposition, even if the failure to oppose violated a local rule.") (citation omitted).

Robinson has not "establish[ed] a claim or right to relief by evidence that satisfies the court" that entry of a default judgment against Defendants is justified. Fed. R. Civ. P. 55(d). Robinson's Motion for Default Judgment [30] will be denied.

C.  Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment

    1.  Whether the Court Should Consider Defendants' Motion Pursuant to Rule 12(b)(6) or Rule 56

Defendants filed their Motion pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, pursuant to Rule 56. For the reasons that follow, the Court will consider Defendants' Motion as one for summary judgment pursuant to Rule 56.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Documents attached to a motion to dismiss which are referred to in a complaint and are central to the plaintiff's claims may be considered in addressing a motion to dismiss. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). The Court may also take judicial notice of public records under Federal Rule of Evidence 201 when considering a Rule 12(b)(6) motion. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

In this case, Defendants have relied upon at least one document outside the pleadings which the Court may not consider in assessing a Rule 12(b)(6) motion,

-6-

namely the Declaration of David Luczynski [21-2]. The Court will therefore consider Defendants' Motion as one filed pursuant to Rule 56. *See* Fed. R. Civ. P. 12(d). Based upon the record, the Court finds that Robinson has had a reasonable opportunity to present all material that is pertinent to Defendants' Motion under Rule 56.

   2. <u>Summary Judgment Standard</u>

Rule 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

   3. <u>Analysis</u>

The United States Supreme Court has held that "[a] criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution." *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995). "Likewise, absent some affirmative indication of Congress' intent to preclude waiver, we have presumed that statutory provisions are subject to waiver by voluntary agreement of the parties." *Id*. Defendants maintain that there is no indication in either FOIA or the Privacy Act that Congress intended to prohibit individuals from waiving their own rights to access records. Defs.' Mem. in Supp. of Mot. [22] at 6 (citing 5 U.S.C. § 552; 5 U.S.C. § 552a). The Court agrees.

Other district courts considering this question have enforced waivers such as those contained in Robinson's Plea Agreement. *See, e.g., Caston v. Executive Office for the United States Attorneys*, 572 F. Supp. 2d 125, 129 (D.C. 2008);[1] *Patterson v. Fed. Bureau of Investigation*, No. 3:08cv186, 2008 WL 2597656, at *2-*3 (E.D. Va. June 27, 2008).[2] In an unpublished decision, the United States Court of Appeals for the Fourth Circuit affirmed a district court's order denying a defendant's FOIA request in a criminal case where he had "waived his right to bring the FOIA claim . . . ." *United States v. Lucas*, 141 F. App'x 169, 170 (4th Cir. 2005). The Court finds the reasoning of these cases persuasive.

Defendants have presented undisputed, competent summary judgment evidence that Robinson entered into a valid and binding Plea Agreement in which he explicitly waived his right to

---

[1] The plea agreement in *Caston* provided that the defendant expressly waived

> all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by him or by his representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a.

*Caston*, 572 F. Supp. 2d at 127 (emphasis removed).

[2] In *Patterson*, the plea agreement read as follows:

> The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation of prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

*Patterson*, 2008 WL 2597656, at *2.

> request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by [Robinson] or by [Robinson's] representative under the Freedom of Information Act . . . .

Plea Agreement [21-1] at 4. This language represents a clear and unambiguous waiver of Defendant's right to these records.

Based on the foregoing, Defendants have carried their initial summary judgment burden by presenting evidence that Robinson knowingly and voluntarily waived his right to the documents he now seeks. Robinson has not presented sufficient evidence to demonstrate the existence of a genuine issue of material fact or otherwise rebut Defendants' properly supported Motion. Defendants' Motion for Summary Judgment is well taken and will be granted.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. The Court will deny Robinson's Motions [23], [25], [30], will grant Defendant's Motion for Summary Judgment [21], and will dismiss Robinson's claims against Defendants with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion for Summary Judgment [23], the Motion to Strike [25], and the Motion for Default Judgment [30] filed by Plaintiff Jerry Leon Robinson are **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion to Dismiss or, in the Alternative, for Summary Judgment [21] filed by Defendants Drug

Enforcement Agency and the United States Attorney's Office for the Southern District of Mississippi is **GRANTED**, and Plaintiff Jerry Leon Robinson's claims against Defendants Drug Enforcement Agency and United States Attorney's Office for the Southern District of Mississippi are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 12th day of April, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE